# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHASE MULLINS**                                                                   **PLAINTIFF**

**v.**                          **No: 4:20-cv-00643-LPR-PSH**

**BILL GILKY**                                                                       **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Chase Mullins filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 26, 2020 (Doc. No. 1).[1] On December 29, 2020, mail sent to Mullins at his

---

[1] In its initial order to Mullins, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Mullins that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 2.

address of record was returned to the Court as undeliverable (Doc. No. 15). The same day, the Court entered a text order notifying Mullins that the mail could not be delivered to him because he was no longer at the address he provided (Doc. No. 16). Mullins was directed to provide notice of his current mailing address by no later than thirty days from the entry of the December 29, 2020 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's December 29 order could not be delivered to Mullins because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 17.

More than 30 days have passed, and Mullins has not complied or otherwise responded to the December 29 order. Mullins failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Mullins' complaint (Doc. No. 1) be dismissed without prejudice and Defendant Bill Gilky's Motion for Summary Judgment (Doc. No. 10) be denied as moot.

DATED this 3rd day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE